```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------
NIMBUS THERAPEUTICS, LLC and
NIMBUS LAKSHMI, INC.,

     Plaintiffs &
     Counter-Defendants,


     -v-

CELGENE CORP. and
BRISTOL-MYERS SQUIBB CO.,

     Defendants &
     Counter-Claimants.
-------------------------------
```

21-cv-6850 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

Before the Court is the motion of Defendants and Counter-Claimants Celgene Corporation ("Celgene") and Bristol-Myers Squibb Company ("BMS") (collectively, "Celgene-BMS") for a preliminary injunction. After careful consideration of the parties' briefs, declarations, and presentations at argument, the Court hereby grants the motion of Celgene-BMS for a preliminary injunction. This bottom-line order sets forth the terms of the Court's preliminary injunction after briefly providing necessary factual context for that relief. A full opinion will follow in due course.

I.   **Background**

In 2017, Plaintiffs Nimbus Therapeutics, LLC and Nimbus Lakshmi, Inc. (collectively, "Nimbus") entered a research and development partnership with Celgene to develop a drug candidate known as an allosteric Tyk2 inhibitor, which Nimbus and Celgene hoped would serve

1

as an improved means of treating moderate-to-severe psoriasis and other autoimmune conditions. Under this partnership, Nimbus, a relatively small biotechnology company specializing in identifying candidate molecules for development into clinical pharmaceutical treatments, had responsibility for conducting research and development on the Tyk2 inhibitor candidate drug. Celgene, a large pharmaceutical company, provided $55 million in financing to Nimbus and contributed scientific, clinical, and business expertise. The partnership was governed by a series of contracts, including a Warrant to Purchase Stock (the "Warrant"), which, as relevant here, provides Celgene with the right to purchase, for $400 million, 100% of the stock in Nimbus Lakshmi, Inc., the special-purpose vehicle created to hold the intellectual property for the Tyk2 inhibitor candidate drug ("Tyk2 Assets"). See generally Ex. 1 to Declaration of Elizabeth Mily ("Mily Decl."), ECF 18-1. The Warrant also entitles Celgene to assign its right to purchase the Tyk2 Assets to "a Third Party in the pharmaceutical industry with financial resources and capabilities greater than or substantially similar to those of Celgene" when "a Governmental Authority shall have issued a [Hart-Scott-Rodino Act ("HSR Act") Second Request to either Nimbus or Celgene] in connection with this Warrant." Mily Decl. ¶ 15; Warrant § 11.2(a)(iii)(z).

The Warrant provides that the process leading to Celgene's opportunity to exercise its purchase right begins after Nimbus concludes Phase 1B trials or the sixth anniversary of the Warrant's issuance, whichever comes first. Id. ¶ 9 (Warrant §§ 1.1, 2.2(a)).

Nimbus completed Phase 1B trials and delivered the relevant data package to Celgene on May 4, 2021. ECF 15 ¶¶ 75-77. This triggered the following set of deadlines:

- June 1, 2021: Celgene to deliver Notice of Interest;
- June 24, 2021: Nimbus to deliver Financial and Diligence Packages;
- August 27, 2021: Diligence period ends;
- September 3, 2021: Nimbus delivers Update and Tender Package;
- October 11, 2021: Review Period ends and Celgene must deliver notice of exercise;
- February 11, 2022: Termination Date & Deadline for closing Transaction.[1]

Celgene delivered the Notice of Interest on June 1. ECF ¶ 80. The Federal Trade Commission subsequently issued an HSR Act Second Request, and the parties have apparently cooperated in responding to the Second Request.

The parties adhered to the other deadlines until August 13, 2021, when Nimbus delivered a letter to Celgene purporting to unilaterally terminate the Warrant on the ground that Celgene had purportedly breached its covenants and representations in the Warrant. See Ex. 10

---

[1] The Warrant prohibits Celgene from closing on its acquisition of Nimbus Lakshmi absent the FTC providing clearance under the HSR Act or until the HSR Act's waiting period has expired, following the parties' satisfaction of the FTC's Second Request. Opp. 4 (Warrant § 8.1(c)). While parties seeking HSR Act approval have an incentive to quickly comply with a Second Request, neither the HSR Act nor the FTC sets a deadline for the parties' compliance. Further, Nimbus argues that the Warrant provides that if all conditions other than HSR Act approval or expiration of the HSR Act waiting period have been satisfied by the Termination Date (120 days after Celgene provides a written notice of exercise), then Celgene may unilaterally extend the Termination Date for an additional 360 days, to October 6, 2022. Opp. 5 (Warrant § 10.1(e)).

to Mily Decl., ECF 18-10 ("August 13 Letter"). Specifically, Nimbus
cited Celgene's covenant not to "'violate any Applicable Law [including
federal antitrust laws] ... solely to the extent that such breach or
violation would have a material adverse impact on Celgene's ability
to consummate the transactions contemplated hereby'" and Celgene's
covenant to "'use commercially reasonable efforts to comply with, and
[] refrain from taking any action that would impede compliance with,
all Applicable Laws [including federal antitrust laws].'" Id. at 2
(quoting Warrant §§ 5.3, 6.8 (alterations in original)). Nimbus argued
the 2019 merger of BMS and Celgene violated federal antitrust laws,
because the main competitor in the emerging market for allosteric Tyk2
inhibitors is a drug candidate developed by BMS, and that Celgene's
exercise of the Warrant violated federal antitrust laws, because it
would allow Celgene-BMS to monopolize the allosteric Tyk2 inhibitor
market. Id. at 3. Nimbus contends the August 13 Letter immediately
terminated the Warrant. Celgene-BMS argues Nimbus failed to terminate
the Warrant, because Warrant § 10.1(c) requires that unless the alleged
breach was incurable, Nimbus must provide Celgene with 30 days' notice
and an opportunity to cure.

Nimbus filed this litigation on August 13, 2021 as an antitrust
case, alleging essentially the same theory outlined in its August 13
Letter and seeking termination of the Warrant, an injunction
prohibiting Celgene's exercise of the Warrant, and antitrust damages.
ECF 1. Celgene-BMS then filed counterclaims on September 15, 2021,
alleging that Nimbus's anticipatory repudiation of the Warrant was

ineffective and seeking specific performance of its entitlement to assign its purchase right under the Warrant. ECF 15. Celgene-BMS simultaneously filed the instant motion for a preliminary injunction. ECF 16.

## II. **Relief**

The Motion asks the Court to preserve the status quo by "preliminarily enjoining Nimbus from taking any actions inconsistent with the Warrant, including but not limited to, selling or otherwise transferring interests in the Tyk2 Asset or Nimbus Lakshmi to third parties, and tolling the time for Celgene or its assignee to exercise the Warrant from the date when Nimbus Lakshmi unilaterally claimed that the Warrant was terminated on August 13, 2021, through the pendency of this litigation." Mot. 25. In its opposition, Nimbus argues that the language of the requested injunction is vague and states that it has "no present interest to sell or transfer its allosteric TYK2 asset and [is] prepared to stipulate as such through the trial ready date," which is currently February 17, 2022. Opp. 2; ECF 19 at 1. However, the parties confirm that no such stipulation has been reached. See Reply 5 n. 7. Celgene-BMS, for their part, maintain that their objective is to preserve their entitlement to assign Celgene's purchase right under the Warrant after the conclusion of this litigation.

For reasons to be explained in the opinion that will follow this order in due course, the Court holds that Celgene-BMS have established their entitlement to a preliminary injunction. Celgene-BMS have demonstrated a sufficient likelihood of success on their counterclaim

for specific performance of the Warrant's assignment provision, irreparable harm should Nimbus take an action that might prevent assignment of their purchase rights under the Warrant, and that the public interest would not be disserved by issuance of the preliminary injunction. The Court therefore grants the motion of Celgene-BMS for a preliminary injunction.

Nimbus is hereby preliminarily enjoined, from entry of this order through issuance by this Court of a final judgment on the merits, from selling, transferring, encumbering, or otherwise disposing of, in part or in whole, Nimbus Lakshmi or the intellectual property assets Nimbus Lakshmi holds that are associated with the allosteric Tyk2 inhibitor drug under development. While this preliminary injunction is in place, Celgene shall not seek to assign its purchase rights under the Warrant to any third party pharmaceutical company. The Court declines at this time to toll the deadlines set forth by the Warrant, although Celgene-BMS may raise this issue again should it ultimately prevail on the merits.

SO ORDERED.

New York, NY
October 14, 2021

JED S. RAKOFF, U.S.D.J.