**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NIMBUS THERAPEUTICS, LLC and NIMBUS LAKSHMI, INC., | |
| Plaintiffs, | **Case No. 1:21-cv-6850 (JSR)** |
| v. | **Civil Action** |
| CELGENE CORPORATION and BRISTOL-MYERS SQUIBB COMPANY, | **PROTECTIVE ORDER** |
| Defendants. | |

JED S. RAKOFF, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon pain of contempt:

1.      Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order shall not disclose such Confidential or Highly Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.      The person producing any given Discovery Material may designate as Confidential documents that contain material that consists of:

(a)      previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b)      previously nondisclosed material relating to ownership or control of any non-public company;

(c)      any information of a personal or intimate nature regarding any individual; or

(d)      any other category of information hereinafter given confidential status by the Court.

3.      The person producing any given Discovery Material may designate as Highly Confidential documents that contain material that the producing party reasonably believes is (i) information reflecting product design or development, non-public technical research, pricing and business strategy documents concerning a particular product or line of products, financial statements reflecting sales data, product margin data, cost and expense data, and/or profit and loss data, sales information relating to specific customers or classes of customers, non-public scientific research; (ii) non-public information that is extremely confidential and/or sensitive in nature, the disclosure of which is likely to cause serious economic harm or competitive disadvantage to the producing party; (iii) is highly personal non-public information; or (iv) information the disclosure of which absent the protections afforded herein to Highly Confidential Information could create a substantial risk of serious harm that could not be avoided by less restrictive means.

4.      With respect to Discovery Material containing Confidential or Highly Confidential information other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such Discovery Material as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the document containing the protected information in a manner that will not interfere with legibility or audibility.  With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential or Highly Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order" by the reporter.

5.      If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential or Highly Confidential, he may so designate by so apprising all parties in writing, and such designated Discovery Material will thereafter be treated as Confidential or Highly Confidential under the terms of this Order.

6.      No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a)      the parties to this action;

(b)      counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d)     any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)     any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f)     professional vendors that provide litigation support services (e.g., photocopying, videotaping, graphic support services, coding, translating, preparing exhibits or demonstrations, document review, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors;

(g)     stenographers engaged to transcribe depositions conducted in this action; and

(h)     the Court and its support personnel.

7.     No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential to any other person whomsoever, except to:

(a)     outside counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(b)      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(c)      any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d)      professional vendors that provide litigation support services (e.g., photocopying, videotaping, graphic support services, coding, translating, preparing exhibits or demonstrations, document review, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors;

(e)      stenographers engaged to transcribe depositions conducted in this action; and

(f)      the Court and its support personnel.

8.      Prior to any disclosure of any Confidential or Highly Confidential Discovery Material to any person referred to in subparagraphs 6(d), 6(e), or 7(c) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms.  Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9.      All Confidential and Highly Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such

Confidential or Highly Confidential Discovery Material, shall be filed under seal with the Clerk

of the Court and kept under seal until further order of the Court.  The parties will use their best

efforts to minimize such sealing.

10.     Any party who either objects to any designation of confidentiality, or who, by

contrast, requests still further limits on disclosure, may at any time prior to the trial of this action

serve upon counsel for the designating person a written notice stating with particularity the

grounds of the objection or request.  If agreement cannot be reached promptly, counsel for all

affected persons will convene a joint telephone call with the Court to obtain a ruling.

11.     All persons are hereby placed on notice that the Court is unlikely to seal or

otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial,

even if such material has previously been sealed or designated as Confidential or Highly

Confidential.  The Court also retains unfettered discretion whether or not to afford confidential

treatment to any Confidential or Highly Confidential Document, or information contained in any

Confidential or Highly Confidential Document submitted to the Court in connection with any

motion, application, or proceeding that may result in an order and/or decision by the Court.

12.     Each person who has access to Discovery Material that has been designated as

Confidential or Highly Confidential shall take all due precautions to prevent the unauthorized or

inadvertent disclosure of such material.

13.     The production of any privileged or otherwise protected or exempted Information,

as well as the production of Information without an appropriate designation of confidentiality

("Protected Information"), shall not be deemed a waiver or impairment of any claim of privilege

or protection, including, but not limited to, the attorney-client privilege, the protection afforded

to work-product materials, or the subject matter thereof, or the confidential nature of any such Information, as to the produced Information, or any other Information.

14.     Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or Information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

15.     If a disclosing party makes a claim of disclosure of Protected Information, the receiving party shall, within five business days, return or destroy all copies of the Protected Information, and provide a certification of counsel that all such information has been returned or destroyed.

16.     Within five business days of the notification that such Protected Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Protected Information.

17.     The receiving party may move the Court for an Order compelling production of the Protected Information.  The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the production of Protected Information.

18.     The production of privileged or work-product protected documents, electronically stored information ("ESI") or Information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing in this Order shall limit the right of any party to request an in camera review of the Protected Information.

19.     This Protective Order shall survive the termination of the litigation.  Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or

"Highly Confidential," and all copies thereof, shall be promptly returned to the producing person, or destroyed.

20.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: October 27, 2021

By: /s/ *Arman Oruc*
    Arman Oruc
    *AOruc@goodwinlaw.com*
    Goodwin Procter LLP
    601 S. Figueroa Street
    Suite 4100
    Los Angeles, CA 90017-5704
    Phone: (213) 426-2500
    Fax: (213) 623-1673

    Jeffrey A. Simes
    *JSimes@goodwinlaw.com*
    Marshall H. Fishman
    *MFishman@goodwinlaw.com*
    Goodwin Procter LLP
    620 Eighth Avenue
    New York, NY 10018-1405
    Phone: (212) 813-8800
    Fax: (212) 355-3333

    Andrew M. Lacy
    *ALacy@goodwinlaw.com*
    Goodwin Procter LLP
    1900 N St. NW
    Washington, DC 20036-1612
    Phone: (202) 346-4182
    Fax: (202) 204-7254

Dated: October 27, 2021

By: /s/ *Yosef J. Riemer*
    (Electronically signed with consent)
    Yosef J. Riemer, P.C.
    *yosef.riemer@kirkland.com*
    Matthew Solum, P.C.
    *msolum@kirkland.com*
    Kirkland & Ellis LLP
    601 Lexington Avenue
    New York, NY  10022
    Phone: (212) 446-4800
    Fax: (212) 446-4900

    *Attorneys for Defendants Celgene*
    *Corporation and Bristol-Myers*
    *Squibb Company*

Alicia Rubio-Spring (admitted *Pro Hac Vice*)
*ARubio-Spring@goodwinlaw.com*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: (617) 570-1000
Fax: (617) 523-1231

*Attorneys for Plaintiffs Nimbus Therapeutics,*
*LLC and Nimbus Lakshmi, Inc.*


SO ORDERED.

JED S. RAKOFF, U.S.D.J.


Dated:       New York, New York
               October 29, 2021

## SOUTHERN DISTRICT OF NEW YORK

NIMBUS THERAPEUTICS, LLC and
NIMBUS LAKSHMI, INC.,

                 Plaintiffs,

v.

CELGENE CORPORATION and BRISTOL-
MYERS SQUIBB COMPANY,

                 Defendants.

**Case No. 1:21-cv-6850 (JSR)**

**Civil Action**

**<u>Non-Disclosure Agreement</u>**

      I, _____, acknowledge that I have read and understand the

Protective Order in this action governing the non-disclosure of Discovery Material that has been

designated as Confidential or Highly Confidential.  I agree that I will not disclose such

Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this

litigation and that at the conclusion of the litigation I will return all discovery information to the

party or attorney from whom I received it.  By acknowledging these obligations under the

Protective Order, I understand that I am submitting myself to the jurisdiction of the United States

District Court for the Southern District of New York for the purpose of any issue or dispute

arising hereunder and that my willful violation of any term of the Protective Order could subject

me to punishment for contempt of Court.

Dated:_____              _____